NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAEBIL BENHUR, | |
| Plaintiff, | Civ. No. 15-6826 |
| v. | **OPINION** |
| CHRISTOPHER J. MADAVARAM, SUNOCO A+ FOOD MART, MAIN AND HAWS, INC., R.J. VENTURES, INC., JOHN DOES 1-5, JANE DOES 1-5, and/or DOE CORPORATION 1-5, | |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the Motion of Defendants Christopher J. Madavaram, Main and Haws, Inc., and R.J. Ventures, Inc. ("Defendants") to Dismiss the Complaint of Plaintiff Maebil Benhur ("Plaintiff"). (ECF No. 6). Plaintiff opposes this Motion. (ECF No. 8). The Court has issued the Opinion below based upon the written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Defendants' Motion to Dismiss will be granted in part and denied in part.

BACKGROUND

This case involves thirteen years of alleged abuse of Plaintiff Maebil Benhur by Defendant Christopher J. Madavaram. The alleged abuse includes physical and sexual abuse, stalking, defamation, and purposeful interference with Plaintiff's employment and job prospects. Plaintiff's allegations are summarized briefly as follows: after Plaintiff came to the United States in 2002, Plaintiff worked for Madavaram for approximately six years. Madavaram owns and

1

operates a Sunoco A+ Food Mart in Pennsylvania, where Plaintiff was directed to operate the cash register, price items, and clean. While Plaintiff worked for Madavaram, he began to abuse her physically and sexually and to stalk her. Consequently, in 2008, Plaintiff fled from Pennsylvania to New Jersey. However, Madavaram learned where Plaintiff was living, and in 2009, he recommenced his physical and sexual abuse. Since then, Madavaram has continued to stalk and harass Plaintiff, as well as her family members.

Starting in 2009, Madavaram also began calling Plaintiff's place of employment and telling employees that they should not work with Plaintiff because she was a prostitute and had poor character. Madavaram has continued calling Plaintiff's employers and coworkers to the present day, even as Plaintiff has moved to different jobs. Madavaram has also repeatedly called prospective employers to prevent them from hiring Plaintiff, stating that she could work only for him. This conduct has led Plaintiff to quit several jobs and to accept another job for lower pay, and has made it difficult for Plaintiff to gain future employment opportunities as potential employers are concerned about being harassed by Madavaram. As a result of Madavaram's ongoing conduct, Plaintiff has suffered loss of income, loss of standing in the community and business world, emotional distress, and depression.

Plaintiff received restraining orders against Madavaram starting in 2009. But due to Madavaram's ongoing harassment, Plaintiff filed suit on August 3, 2015 in the Ocean County Superior Court against Madavaram and two companies that he owns and operates, Main & Haws, Inc. and R.J. Ventures, Inc.[1]  Plaintiff alleges intentional infliction of emotional distress,

---

[1] Plaintiff also filed suit against Sunoco A+ Food Mart, but Defendants note that Sunoco A+ Food Mart and Main & Haws, Inc. were improperly pled as separate entities as they are actually the same entity. Considering this, the Court will only discuss the corporate defendants Main & Haws, Inc. and R.J. Ventures, Inc.  All claims against Sunoco A+ Food Mart will be dismissed.

defamation per se, tortious interference with prospective economic advantage, and tortious interference with an existing contract. Plaintiff filed an amended complaint on August 11, 2015, and Defendants removed the case to federal court on September 14, 2015 on the basis of diversity of citizenship. On September 25, 2015, Defendants filed the Motion to Dismiss that is presently before the Court. Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted for several reasons, including violation of the relevant statutes of limitations as well as inadequate pleadings under Federal Rule of Civil Procedure 8(a). In the alternative, Defendants request that Plaintiff be required to file a more definite statement under Federal Rule of Civil Procedure 12(e).

DISCUSSION

A. Legal Standards

     i.    *Federal Rule of Civil Procedure 8(a)*

The adequacy of pleadings is governed by Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief"). Even though a plaintiff is not required to plead her claims with intricate detail, Rule 8 requires the plaintiff to provide "some specificity." *Hunter Roberts Const. Grp., LLC v. J. Rihl, Inc.*, No. 12-7751, 2013 WL 3445331, at *3 (D.N.J. July 9, 2013) (citing *Twombly,* 550 U.S. at 558).

3

ii.       *Federal Rule of Civil Procedure 12(e)*

Under Federal Rule of Civil Procedure 12(e), a defendant may move for a more definite statement if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  The moving party "must point out the defects complained of and the details desired." *Id.*  Rule 12(e) motions can, accordingly, provide a useful mechanism to resolve ambiguity and to obtain the "factual basis underlying a plaintiff's claim for relief." *U.S. v. Independence Twp.,* 463 F.3d 285, 301 (3d Cir. 2006).

Motions for a more definite statement, however, are "generally disfavored," particularly in light of the liberal pleading standards under the Federal Rules.  *Premier Payments Online, Inc. v. Payment Sys. Worldwide,* 848 F. Supp. 2d 513, 522 (E.D. Pa. 2012) (citation omitted); *see also* Fed. R. Civ. P. 8.  Rule 12(e) therefore endeavors to address a pleading that "is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]."  *Clark v. McDonald's Corp.,* 213 F.R.D. 198, 232–33 (D.N.J. 2003) (citations and internal quotation marks omitted).  Rule 12(e), accordingly, provides a remedy for an "unintelligible" pleading, but does not serve as a mechanism to correct a pleading merely lacking in detail.  *Premier Payments Online, Inc.,* 848 F. Supp. 2d at 522 (citation omitted).  Nor does a Rule 12(e) motion serve as a means to elucidate information obtainable through the discovery procedures of the Federal Rules.  *MK Strategies, LLC v. Ann Taylor Stores Corp.,* 567 F. Supp. 2d 729, 737 (D.N.J. 2008) (noting that Rule 12(e) motions are not appropriate where the more definite statement sought "presents a proper subject for discovery").

### iii.    Federal Rule of Civil Procedure 12(b)(6)

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the Complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court may disregard any conclusory legal allegations. *Id.* Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). Such a claim requires more than mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" instead, the facts must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged." *Id.* at 210, 211 (quoting *Iqbal*, 556 U.S. at 678-79).

### B.  Analysis

Defendants ask the Court to dismiss each of the Plaintiff's five counts of the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, Defendants ask the Court to order Plaintiff to file a more definite statement under Federal Rule of Civil Procedure 12(e). Defendants also ask the Court to dismiss all of the claims against the corporate defendants. Each request will be addressed in turn, in the order discussed by Defendants in their Motion to Dismiss.

i.    *Count II – Defamation Per Se*

Defendants first argue that Plaintiff's claim for Defamation Per Se should be dismissed for failure to state a claim upon which relief can be granted.  A defamation claim has three elements: "(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher."  *Leang v. Jersey City Bd. of Educ.,* 969 A.2d 1097, 1113 (N.J. 2009).

Defendants do not initially argue that Plaintiff fails to meet the elements of a defamation claim, but rather that Plaintiff's claims fall outside the statute of limitations.  (Defs.' Br. Supp. Mot. Dismiss 4-6, ECF No. 6-1).  In New Jersey, defamation claims must be commenced within one year of the publication of the alleged defamatory statements.  N.J. Stat. Ann. 2A:14-3 (West).  Defendants state that "[n]early all of the alleged defamatory statements set-forth in Plaintiff's Amended Complaint are plainly barred" by the statute of limitations.  (Defs.' Reply Br. Supp. Mot. Dismiss 1, ECF No. 9).  But as Plaintiff notes, accepting all of the Plaintiff's allegations as true, Madavaram made at least some of the alleged defamatory statements in 2015, within one year of the filing of Plaintiff's Amended Complaint on August 11, 2015.  (*See, e.g.*, Compl. ¶¶ 60, 63, 75, Case No. OCN-L-2126-15, ECF No. 3; Pl.'s Mem. Opp. Defs.' Mot. Dismiss 3-5, ECF No. 8).  As at least some of Plaintiff's claims are not barred by the statute of limitations, the count will not be dismissed on this basis.

In reply, Defendants argue that the incidents not barred by the statute of limitations do not support a claim because the Plaintiff does not allege specific defamatory statements made to specific persons.  (Defs.' Reply Br. Supp. Mot. Dismiss 1-3, ECF No. 9).  But "a defamation pleading does not need to cite precise defamatory statements, it must only provide sufficient

notice to the other party of the allegations made against him." *Ciemniecki v. Parker McCay P.A.*, No. 09-6450, 2010 WL 2326209, at *5 (D.N.J. June 7, 2010) (internal quotation omitted). Plaintiff alleges that Madavaram made statements that she was of bad character and a prostitute to Mr. Jaswinder Bindra, as well as to Plaintiff's coworkers and employees, within the relevant time period.  (Compl. ¶¶ 60, 63, 75, Case No. OCN-L-2126-15, ECF No. 3).  This satisfies the pleading requirements of Rule 8 by providing factual allegations with some specificity. Accepting all of the Plaintiff's allegations as true, this also shows that the Plaintiff has a plausible claim for relief.  Therefore, the count will not be dismissed.

     ii.     *Counts III and IV – Tortious Interference with Prospective Economic Advantage and Tortious Interference with an Existing Contract*

Defendants next argue that Plaintiff's claims for Tortious Interference with Prospective Economic Advantage and Tortious Interference with an Existing Contract should be dismissed for failure to state a claim upon which relief can be granted.  Under New Jersey law, both claims use the same standard: a claim for tortious interference must allege (1) the existence of a contract or a prospective economic relationship; (2) interference that was intentional and with malice; (3) the loss of the contract or prospective gain as a result of the interference; and (4) damages. *Rainbow Apparel, Inc. v. KCC Trading, Inc.*, No. 09-5319, 2010 WL 2179146, at *8 (D.N.J. May 26, 2010); *see also Ciecka v. Rosen*, 908 F. Supp. 2d 545, 556 (D.N.J. 2012).

Defendants do not argue that Plaintiff fails to meet the elements of a tortious interference claim, but rather that these claims should be dismissed because they are "subsumed by the failed defamation claim."  (Defs.' Br. Supp. Mot. Dismiss 6-7, ECF No. 6-1).  In the alternative, Defendants argue that Plaintiff's tortious interference claims "are nothing more than rote recitations of the elements of the respective causes of action," and request either dismissal of these counts, or an order requiring Plaintiff to file a more definite statement under Federal Rule

of Civil Procedure 12(e).  (*Id.* at 8-9).  Given that the Court will deny Defendants' Motion to Dismiss Plaintiff's defamation claim, the claims for tortious interference cannot be dismissed by being "subsumed by the failed defamation claim."  Even if the Court had not denied Defendants' Motion to Dismiss Plaintiff's defamation claim, the Court agrees with Plaintiff that the tortious interference claims rest on more than just Madavaram's defamatory statements.  (*See, e.g.*, Compl. ¶¶ 19, 32, 33, 34, 36, 37, 38, 39, 40, 50, Case No. OCN-L-2126-15, ECF No. 3).  The Court will therefore deny to dismiss the counts for tortious interference on this basis.

The Court also finds that Plaintiff pleaded the tortious interference claims with adequate specificity to satisfy the pleading standard of Rule 8 and to enable Defendants to respond to Plaintiff's Complaint.  Among other allegations, Plaintiff states that Madavaram repeatedly called her at her place of employment (Nobles Smoke Shop) and told other employees that they should not work with the Plaintiff because she was a prostitute; Madavaram demanded that Plaintiff fire one of her coworkers and threatened to kill both of them; and he confronted and harassed several other employers or potential employers.  (*See, e.g.*, *id.* ¶¶ 19, 22, 25, 30, 32, 33, 40).  Plaintiff states that these incidents led her to quit several jobs, accept another job at Nordstrom for lower pay, and have made it difficult for Plaintiff to earn future employment opportunities, as potential employers are concerned about being harassed by Madavaram.  (*See, e.g., id.* ¶¶ 34, 37, 38, 39).

While Plaintiff might have included more details about the names of certain employers or employees, or more specific dates, Rule 8 does not require such specificity.  *See, e.g.*, *Estabrook v. Safety & Ecology Corp.*, 556 F. App'x 152, 155-56 (3d Cir. 2014) (noting that plaintiff need not identify specific dates or times at which alleged harassment occurred); *Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH*, No. 10-453, 2010 WL 5239238, at *4 (D.N.J. Dec.

16, 2010) (noting that plaintiff need not identify specific prospective customers or contracts to show a reasonable expectation of prospective economic benefit).  Nor is the Complaint "so vague or ambiguous" that Defendants "cannot reasonably prepare a response," such that Defendants would be entitled to a more definite statement under Rule 12(e).  As this Court has stated, Rule 12(e) "provides a remedy for an 'unintelligible' pleading, but does not serve as a mechanism to correct a pleading merely lack[ing] in detail."  *Marley v. Donahue*, No. 14-1597, 2014 WL 5152618, at *1 (D.N.J. Oct. 14, 2014).  To the extent Defendants would like Plaintiff to provide more detail, they should seek to obtain this information through discovery, not through a more definite statement.  *See id.*; *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 737 (D.N.J. 2008).  Considering this, the Court will not dismiss the tortious interference claims, nor will the Court require Plaintiff to file a more definite statement.

> ### iii.      Count I – Intentional Infliction of Emotional Distress

Defendants next argue that Plaintiff's claim for Intentional Infliction of Emotional Distress should be dismissed for failure to state a claim upon which relief can be granted.  An intentional infliction of emotional distress claim has four elements: (1) the defendant acted either intentionally or recklessly; (2) the defendant's conduct is so extreme and outrageous as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community; (3) the defendant's intentional or reckless conduct must have been the proximate cause of the plaintiff's emotional distress; and (4) the distress is so severe that no reasonable person could be expected to endure it.  *Juzwiak v. Doe*, 2 A.3d 428, 433 (N.J. Super. Ct. App. Div. 2010).

Defendants do not argue that Plaintiff fails to meet the elements of a claim for intentional infliction of emotional distress, but rather that this claim should be dismissed because it is

"subsumed by the failed defamation claim." (Defs.' Br. Supp. Mot. Dismiss 10, ECF No. 6-1).

In the alternative, Defendants argue that Plaintiff's claims fall outside the statute of limitations.

(*Id.* at 10-12). Finally, in the event that the Court does not grant their Motion to Dismiss these

claims, Defendants request that Plaintiff be ordered to file a more definite statement under Rule

12(e).

Given that the Court will deny Defendants' Motion to Dismiss Plaintiff's defamation

claim, the claims for intentional infliction of emotional distress could not be dismissed by being

"subsumed by the failed defamation claim." Even if the Court had not denied Defendants'

Motion to Dismiss Plaintiff's defamation claim, the Court agrees with Plaintiff that the

intentional infliction of emotional distress claims rest on more than just Madavaram's

defamatory statements. (*See, e.g.*, Compl. ¶¶ 34, 36, 37, 41, 42, 43, 47, 48, Case No. OCN-L-

2126-15, ECF No. 3). On this basis, the Court will not dismiss the count for intentional

infliction of emotional distress.

As for the statute of limitations, claims for intentional infliction of emotional distress

generally must be commenced within two years. N.J. Stat. Ann. § 2A:14-2 (West) ("Every

action at law for an injury to the person caused by the wrongful act, neglect or default of any

person within this State shall be commenced within 2 years next after the cause of any such

action shall have accrued."); *see also Hollingsworth v. Port Auth. of New York & New Jersey*,

No. 06-571, 2009 WL 1702293, at *5 (D.N.J. June 16, 2009). But New Jersey courts recognize

that "[w]hen an individual is subject to a continual, cumulative pattern of tortious conduct," as

with claims for intentional infliction of emotional distress, "the statute of limitations does not

begin to run until the wrongful action ceases." *Wilson v. Wal–Mart Stores,* 729 A.2d 1006, 1010

(N.J. 1999); *Hollingsworth*, 2009 WL 1702293, at *5.[2]  Accepting all of the Plaintiff's

allegations as true, Plaintiff has a plausible argument that Madavaram committed a continual,

cumulative pattern of tortious conduct from 2002 to the present.  Moreover, some of

Madavaram's alleged tortious conduct occurred within the past two years, and thus within the

statute of limitations even under Defendants' arguments.  Given these facts, at least some, if not

all, of Madavaram's tortious conduct falls within the two-year statute of limitations, and so the

intentional infliction of emotional distress claim will not be dismissed on this basis.

      The Court also finds that Plaintiff pled the intentional infliction of emotional distress

claim with adequate specificity to satisfy the pleading standard of Rule 8 and to enable

Defendants to respond to Plaintiff's Complaint.  Among other allegations, Plaintiff states that

Madavaram sexually abused her, physically abused her, stalked her, followed her and her family

members, defamed her, and purposefully interfered with her job prospects.  (*See, e.g.*, Compl.

¶ 47, Case No. OCN-L-2126-15, ECF No. 3).  While Plaintiff might have included more detail in

these allegations, Rule 8 does not require such specificity.  *See, e.g.*, *Estabrook*, 556 F. App'x

155-56; *Church & Dwight Co.*, 2010 WL 5239238 at *4.  Nor is the Complaint "so vague or

ambiguous" that Defendants "cannot reasonably prepare a response," such that Defendants

would be entitled to a more definite statement under Rule 12(e).  To the extent Defendants would

like Plaintiff to provide more detail, they should seek to obtain this information through

discovery, not through a more definite statement.  *See Marley*, WL 5152618, at *1; *MK

Strategies*, 567 F. Supp. 2d at 737.  Considering this, the Court will not dismiss the count for

---

[2] Defendants argue that Madavaram's actions do not constitute continuing violations because
even if a pattern of battery occurs, each individual battery constitutes a separate tort.  (Defs.' Br.
Supp. Mot. Dismiss 11, ECF No. 6-1).  However, this argument is not relevant as Plaintiff does
not plead battery in the Complaint.

intentional infliction of emotional distress, nor will the Court require Plaintiff to file a more definite statement.

      *iv.*      *Count V – Injunctive Relief*

      Defendants also argue that Plaintiff's claim for injunctive relief should be dismissed for failure to state a claim because injunctive relief is not a separate cause of action, and Plaintiff is not entitled to this form of relief.  (Defs.' Br. Supp. Mot. Dismiss 15-16, ECF No. 6-1).  The Court agrees that injunctive relief is not a separate type of claim, but rather a form of relief, and as such, should not be designated as a separate count in the Complaint. *See, e.g.*, *Kauffman v. Pennsylvania Soc. for the Prevention of Cruelty to Animals*, 766 F. Supp. 2d 555, 560 (E.D. Pa. 2011) ("The relief a plaintiff seeks, and the claims he asserts, are thus conceptually distinct components of a complaint, and there is no need for a plaintiff to devote a separate count of a complaint to a request for a certain type of relief.").  Rather, the request for injunctive relief should appear in Plaintiff's prayer for relief.  Considering this, the Court will dismiss Plaintiff's count for injunctive relief.

      However, this form of remedy will still be available to Plaintiff, and the Court will grant leave to amend the Complaint within 30 days if Plaintiff wishes to request injunctive relief as part of the prayer for relief under other counts of the Complaint.  While Defendants have asked the Court to dismiss this form of relief with prejudice, the dismissal of particular forms of relief would be premature at this stage of the litigation.  "[T]he test of the complaint upon a motion to dismiss lies in the claim not in the demand.  The only issue is whether the claim stated would give the plaintiff a right to any relief, not to the particular relief he demands." *Falk v. Levine*, 60 F. Supp. 660, 663 (D. Mass. 1945); *see also Zodda v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 13-7738, 2014 WL 1577694, at *6 (D.N.J. Apr. 21, 2014) (noting that the plaintiff need

12

not prove a claim for a particular remedy at the motion to dismiss stage); *Asphaltic Enterprises, Inc. v. Baldwin-Lima-Hamilton Corp.*, 39 F.R.D. 574, 576 (E.D. Pa. 1966) ("[I] t is well established that the prayer for relief does not determine whether the plaintiff has stated a cause of action."). Considering this, Defendants' request to dismiss injunctive relief as a possible remedy will be denied.

>     v.      *Corporate Defendants*

Finally, Defendant argues that Plaintiff's claims against Main & Haws, Inc. and R.J. Ventures, Inc. must be dismissed for failure to state a claim upon which relief can be granted. In the Complaint, Plaintiff does not identify the legal theory under which the corporate defendants could be held liable, but in later briefs, the parties focus on the doctrine of *respondeat superior*. Under the doctrine of *respondeat superior*, an employer is liable for the torts of employees committed within the scope of their employment. *Di Cosala v. Kay*, 450 A.2d 508, 513 (N.J. 1982).

Before determining that an employee's acts were within the scope of employment, the court must first consider whether a master-servant relationship existed between the employer and the employee. *See Carter v. Reynolds*, 815 A.2d 460, 463 (N.J. 2003). "A servant is a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control." *Id.* at 464 (quoting *Restatement (Second) of Agency* § 220 (Am. Law Inst. 1958)). Then, to determine whether an employee's acts were within the scope of employment, the court considers (1) whether the act is of a kind the employee is employed to perform; (2) whether the act occurs substantially within the authorized time and space limits of the employment; (3) whether the act is actuated, at least in part, by a purpose to serve the master; and (4) if force is intentionally used

by the servant against another, whether the use of force is not unexpectable by the master.  *Davis v. Devereux Found.*, 37 A.3d 469, 490 (N.J. 2012) (citing *Restatement (Second) of Agency* § 228 (Am. Law Inst. 1958)).

Plaintiff only mentions corporate defendants Main & Haws, Inc. and R.J. Ventures, Inc. in the Complaint briefly and in conclusory legal allegations.  Plaintiff states that she was initially directed to work for Madavaram in 2002 at Main and Haws, Inc. and at R.J. Ventures, Inc.  (*See* Compl. ¶ 10, Case No. OCN-L-2126-15, ECF No. 3).  Madavaram's abuse allegedly began while Plaintiff was working there, but Plaintiff does not provide any additional factual allegations linking Madavaram's abuse to the companies.  The only other mention of the corporate defendants in the Complaint occurs when Plaintiff states that Madavaram contacted her employers and coworkers in his business or professional capacity.  (*See, e.g.*, *id.* ¶¶ 22, 25, 32, 40).  This conclusory legal allegation will be disregarded by the Court.

Although neither party briefed this issue, the Court questions whether Plaintiff could establish the requisite master-servant relationship between Madavaram and the corporate defendants.  At no point does Plaintiff allege that Madavaram is an employee of either corporation.  Rather, Plaintiff states that Madavaram is an "owner, operator, and/or partner" of the corporations.  (*See id.* ¶ 3).  As Madavaram is seemingly the sole owner of both corporations, there would seemingly be no "master" for whom Madavaram would work as a "servant."  In any case, Plaintiff did not present enough facts to make a plausible claim that such a master-servant or employer-employee relationship did exist.

Even if Plaintiff had shown that such a master-servant or employer-employee relationship existed, none of Plaintiff's facts address whether Madavaram's actions fell within his scope of employment.   Plaintiff does not address whether Madavaram's allegedly tortious conduct was of

a kind Madavaram was employed to perform, whether the conduct occurred within the authorized time and space limits of his employment, whether the conduct was actuated by a purpose to serve the corporate defendants, or whether the use of force was expectable by them.

Given Plaintiff's sparse factual allegations against Main and Haws, Inc. and R.J. Ventures, Inc., Plaintiff did not provide sufficient facts to make a plausible claim against the corporate defendants under *respondeat superior*. Based on the Complaint, the connection between Madavaram's alleged abuse and the corporate defendants does not rise above a speculative level. Therefore, the claims against Defendants Main and Haws, Inc. and R.J. Ventures, Inc. will be dismissed without prejudice for failure to state a claim upon which relief could be granted. However, Plaintiff will be granted leave to amend the Complaint within 30 days to add sufficient factual allegations against the corporate defendants to satisfy Rule 8.

## CONCLUSION

For the reasons above, Defendants' Motion to Dismiss will be granted with respect to Count V for injunctive relief and all claims against Defendants Main & Haws, Inc., R.J. Ventures, Inc., and Sunoco A+ Food Mart. The Motion to Dismiss will be denied with respect to all of Plaintiff's other claims. Plaintiff will be granted leave to amend the Complaint within 30 days if Plaintiff wishes to request injunctive relief as part of the prayer for relief under Counts I-IV of the Complaint, or to add additional factual allegations against the corporate defendants. An appropriate Order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.