NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MAEBIL BENHUR, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER J. MADAVARAM, SUNOCO A+ FOOD MART, MAIN AND HAWS, INC., R.J. VENTURES, INC., JOHN DOES 1-5, JANE DOES 1-5, and/or DOE CORPORATION 1-5, <br><br> Defendants. | Civ. No. 15-6826 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

      This matter comes before the Court upon the motions of Defendant Christopher J. Madavaram ("Defendant") for Summary Judgment and for Sanctions. (ECF Nos. 25, 26). Plaintiff Maebil Benhur ("Plaintiff") opposes. (ECF Nos. 28, 29). The Court has issued the Opinion below based upon the written submissions and oral argument conducted on February 15, 2017. For the reasons stated herein, Defendant's Motion for Summary Judgment will be granted in part and denied in part, and Motion for Sanctions will be denied.

## BACKGROUND

      This case involves allegations of thirteen years of verbal and physical abuse of Plaintiff by Defendant. The alleged abuse includes physical and sexual abuse, stalking, defamation, and purposeful interference with Plaintiff's employment and job prospects. Plaintiff's allegations are summarized briefly as follows: after Plaintiff came to the United States in 2002, Plaintiff worked for Defendant for approximately six years. During that time, Defendant abused her physically and sexually and stalked her. Consequently, in 2008, Plaintiff fled from Pennsylvania to New

Jersey.  However, Defendant learned where Plaintiff was living, and in 2009, he resumed his physical and sexual abuse and also began calling Plaintiff's place of employment and telling employees that they should not work with Plaintiff because she was a prostitute and had poor character.  Defendant appeared at Plaintiff's workplace and yelled at her in front of customers and repeatedly called prospective employers to attempt to prevent them from hiring Plaintiff, stating that she could work only for him.  This conduct led Plaintiff to quit several jobs and to accept another job for lower pay, and has disrupted potential employment because employers were concerned about being harassed by Defendant.  Plaintiff obtained restraining orders against Defendant beginning in 2009.

      Plaintiff filed suit on August 3, 2015 in the Ocean County Superior Court against Defendant and two related companies.  Plaintiff filed an Amended Complaint on August 11, 2015, and Defendants removed the case to federal court on September 14, 2015 on the basis of diversity of citizenship.  On September 25, 2015, Defendants filed a Motion to Dismiss.  The Court dismissed the action against the corporate defendants, leaving Mr. Madavaram as the sole Defendant in this case, and dismissed Count V, which sought injunctive relief, leaving four counts: (1) intentional infliction of emotional distress, (2) defamation per se, (3) tortious interference with prospective economic advantage, and (4) tortious interference with an existing contract.  Defendant filed a motion for summary judgment as to all counts and a motion for sanctions on December 19, 2016.  These motions are presently before the Court.

**DISCUSSION**

I. **Motion for Summary Judgment**

   A. **Legal Standard**

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307 n.2 (3d Cir. 1983). In resolving a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits." *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986). More precisely, summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248–49. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**B.     Analysis**

For the purposes of this motion, both parties collapse Counts III and IV, Tortious Interference with Prospective Economic Advantage and Tortious Interference with an Existing Contract. The Court will do the same and will take each claim in turn.

   *i.     Count I – Intentional Infliction of Emotional Distress*

Defendant argues that he should be granted summary judgment on Plaintiff's claim for Intentional Infliction of Emotional Distress. He argues first that the statute of limitations has expired, or in the alternative, that the claim fails as a matter of law.

Claims for intentional infliction of emotional distress generally must be commenced within two years of the wrongful act or conduct. N.J. Stat. Ann. § 2A:14-2 (West) ("Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years next after the cause of any such action shall have accrued."); *see also Hollingsworth v. Port Auth. of New York & New Jersey*, 2009 WL 1702293, at *5 (D.N.J. June 16, 2009). But New Jersey courts recognize that "[w]hen an individual is subject to a continual, cumulative pattern of tortious conduct," as with claims for intentional infliction of emotional distress, "the statute of limitations does not begin to run until the wrongful action ceases." *Wilson v. Wal–Mart Stores,* 158 N.J. 263, 270 (1999); *Hollingsworth*, 2009 WL 1702293, at *5.

Defendant argues that he last physically abused Plaintiff in 2009 and merely made a few phone calls to Plaintiff during the two years preceding this lawsuit, some of which she did not even answer. (Def.'s Br. at 9, 13–14, ECF No. 25-4; Def.'s Statement of Facts ¶ 15). Defendant argues, therefore, that Plaintiff does not claim any action by Defendant that falls within the limitations period. (*Id.*)

Plaintiff has plausibly alleged that the parties were engaged in a sexual relationship, whether consensual or nonconsensual, from about 2005 to 2008, which resulted in multiple unwanted pregnancies and one miscarriage. (Pl.'s Statement of Disputed Facts ("Disputed Facts) ¶¶ 2, 6, ECF No. 30. *See also* Def.'s Dep. pp. 116–122, Opp'n Ex. J, ECF No. 31-10). From 2009 through 2015, Defendant called both Plaintiff and her friends and coworkers and left lengthy, harassing messages indicating that he was stalking her. (Pl.'s Reply to Def.'s Statement of Facts ¶¶ 15, 30–31, referencing 2014 and 2015 calls, ECF No. 30; Disputed Facts ¶ 8, referencing an October 2013 interaction, ECF No. 30). Given the alleged history between the parties and restraining order against Defendant, these October 2013 to August 2015 calls and interaction plausibly constitute continued wrongful action.

The original Complaint in this case was filed on August 3, 2015. The Amended Complaint was filed on August 11, 2015 and removed to this Court on September 14, 2015. Thus, Defendant's tortious conduct had to occur after or continue through August 2013 in order to satisfy the statute of limitations. Plaintiff's allegations plausibly constitute a "continual, cumulative pattern of tortious conduct" and as such, "the statute of limitations does not begin to run until the wrongful action ceases," as it did in July 2015. Plaintiff overcomes the statute of limitations argument for her intentional infliction of emotional distress claim.

The Court must then turn to whether Defendant is entitled to summary judgment because there is not a genuine dispute regarding the material facts of this claim. An intentional infliction of emotional distress claim has four elements: (1) the defendant acted either intentionally or recklessly; (2) the defendant's conduct is so extreme and outrageous as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community; (3) the defendant's intentional or reckless conduct must have been the proximate

5

cause of the plaintiff's emotional distress; and (4) the distress is so severe that no reasonable person could be expected to endure it. *Juzwiak v. Doe*, 2 A.3d 428, 433 (N.J. Super. Ct. App. Div. 2010).

Defendant's alleged conduct—harassing phone calls, lengthy, rude messages, appearing at her workplace and yelling at her in the presence of customers, stalking her—is by nature intentional conduct. Plaintiff alleges she is chronically depressed, anxious, and fearful as a result of his abuse, stalking, and harassment. (Pl.'s Reply to Def.'s Statement of Facts ¶ 20; Disputed Facts ¶¶ 43, 89, 134–37). The question of whether Defendant's conduct is so extreme and outrageous as to go beyond all possible bounds of decency, be utterly intolerable in a civilized community, and so severe that no reasonable person could be expected to endure it is clearly dependent on the facts of the parties' history, which is in dispute between the parties and, thus, is properly a question for the jury. Defendant is not entitled to summary judgment on the claim for intentional infliction of emotional distress.

ii. *Defamation (Slander) per se*

Defendant argues that Plaintiff's defamation claim falls outside the statute of limitations. (Defs.' Br. at 6, ECF No. 25-4). In New Jersey, defamation claims must be commenced within one year of the publication of the alleged defamatory statements. N.J. Stat. Ann. 2A:14-3 (West). Defendant hones in on Plaintiff's statement in deposition that the last time she knows he made a defamatory statement about her was 2009, well outside of the statute of limitations. (Defs.' Br. at 6).

At oral argument, Plaintiff claims that Defendant made defamatory statements to Elaine Guarino and Carl Brown within the statute of limitations. Plaintiff cites statements to Guarino by Defendant in 2009 to 2013. (Disputed Facts ¶¶ 109–136). These are clearly not within the

one year statute of limitations.  Brown heard statements by Defendant in 2011 and observed Plaintiff receiving phone calls from Defendant through January 2014.  (*Id.* ¶¶ 139–170).  On January 20, 2017, Affiant Brown states, "I was aware of the rumors [Defendant] was spreading about [Plaintiff].  People in the Indian business community discuss the statement [Defendant] made."  (Opp'n, Ex. O, Aff. Brown ¶ 33; Disputed Facts ¶ 170).  This is stated in the present tense, in 2017, but is not specific about when Defendant's statements were made.  There is no other allegation of defamatory statements within one year of the filing of the Amended Complaint.  (*See* Disputed Facts ¶ 9, describing calls generally; *id.* ¶¶ 41, 44, referencing statements in 2013).  Thus, Plaintiff has not identified, and the Court does not discern, defamatory statements made within the requisite time period to a third party.  Plaintiff's claim of defamation per se is out of time.

> iii.  *Counts III and IV – Tortious Interference with Prospective Economic Advantage and Tortious Interference with an Existing Contract*

Defendant next argues that he should be granted summary judgment on Plaintiff's claims for Tortious Interference with Prospective Economic Advantage and Tortious Interference with an Existing Contract.  He does not argue the statute of limitations bars this claim.  Thus, turning to the merits of the claim, under New Jersey law, both claims use the same standard: a claim for tortious interference must allege (1) the existence of a contract or a prospective economic relationship; (2) interference that was intentional and with malice; (3) the loss of the contract or prospective gain as a result of the interference; and (4) damages.  *Rainbow Apparel, Inc. v. KCC Trading, Inc.*, 2010 WL 2179146, at *8 (D.N.J. May 26, 2010); *see also Ciecka v. Rosen*, 908 F. Supp. 2d 545, 556 (D.N.J. 2012).  A plaintiff need not identify specific prospective customers or contracts in order to show a reasonable expectation of prospective economic benefit.  *Church &*

*Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH*, 2010 WL 5239238, at *4 (D.N.J. Dec. 16, 2010).

Defendant argues that two employers or potential business partners of Plaintiff, Mr. Bindra and Mr. Shah, testified that nothing Defendant did affected their perception of Plaintiff or their business dealings with her. (Def.'s Br. at 16, ECF No. 25-4; Def.'s Statement of Facts ¶ 8). Plaintiff states that Mr. Shah told her he could no longer retain or hire her because of the problems that Defendant caused with his harassing phone calls and appearances in the workplace. (Disputed Facts ¶ 54). Plaintiff also alleges that Defendant made harassing phone calls to her coworkers and employers, and appeared in her workplace in a loud, disruptive, and intimidating manner in front of customers. (*See, e.g.*, Disputed Facts ¶¶ 51–53). On this basis, Plaintiff argues that Defendant intended to and did disrupt her business relationships and economic prospects, current and future. (Opp'n at 19, ECF No. 29). The relevant facts on these claims are in dispute and a reasonable jury could find for either party. Thus, the motion for summary judgment on these claims is denied.

## II. Motion for Sanctions

Sanctions are an extreme remedy only granted for truly egregious conduct. While Defendant prevails in part on his motion for summary judgment, Plaintiff's claim is not frivolous and does not warrant sanctions. Defendant's motion for sanctions is denied.

## CONCLUSION

For the reasons above, Defendant's Motion for Summary Judgment will be granted in part and denied in part, and Motion for Sanctions will be denied. An appropriate Order will follow.

**Dated:** *3/16/17*                                       */s/ Anne E. Thompson*
                                                           ANNE E. THOMPSON, U.S.D.J.

8