UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAEBIL BENHUR,

Plaintiff,

v.

CHRISTOPHER J. MADAVARAM,
SUNOCO A+ FOOD MART, MAIN AND
HAWS, INC., R.J. VENTURES, INC.,
JOHN DOES 1-5, JANE DOES 1-5, and/or
DOE CORPORATION 1-5,

Defendants.

Civ. No. 15-6826

OPINION

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion by Defendant Christopher J. Madavaram ("Defendant") for Reconsideration. (ECF Nos. 40). Plaintiff Maebil Benhur ("Plaintiff") opposes. (ECF No. 44). The Court will decide this matter based upon the written submissions and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons stated herein, Defendant's Motion for Reconsideration will be denied.

## BACKGROUND

This case involves allegations of thirteen years of physical and sexual abuse, stalking, defamation, and purposeful interference with Plaintiff's employment and job prospects by Defendant. Defendant is the sole remaining defendant. He filed a motion for summary judgment on the four remaining counts—(1) intentional infliction of emotional distress, (2) defamation per se, (3) tortious interference with prospective economic advantage, and (4) tortious interference with an existing contract—on December 19, 2016. On March 16, 2017, that motion was granted in part and Count II dismissed, and denied in part, leaving the remaining

1

claims. (ECF No. 39). Defendant moved for reconsideration of that decision on March 21, 2017. (ECF No. 40). That motion is presently before the Court.

## DISCUSSION

Reconsideration is an extraordinary remedy that is to be granted "very sparingly." *Friedman v. Bank of Am., N.A.*, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012). Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1, a motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity "to ask the Court to rethink what it has already thought through—rightly or wrongly." *See Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *See Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010). Mere disagreement with a court's decision should be raised through the appellate process and is inappropriate on a motion for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). The fact that a legal issue was not explicitly mentioned by the court does not preclude a finding that it was not overlooked in the court's initial consideration of the matter. *Ashton v. AT&T Corp.*, 2006 WL 6909588, at *2 (D.N.J. Feb. 2, 2006) ("An

2

argument is not deemed overlooked because it is not specifically addressed in a court's opinion."). Rather, "[a]n argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument." *U.S. ex rel. Simpson v. Bayer Corp.*, 2015 WL 3618295, at *2 (D.N.J. June 9, 2015); *Eichorn v. AT & T Corp.*, 1999 WL 33471890 (D.N.J. Aug. 23, 1999).

While the Court's prior opinion did not unequivocally state a finding that there remains a genuine issue of material fact regarding Count I, Defendant's conduct, and Plaintiff's resultant emotional distress, the Court rectifies that oversight now: the questions of whether Defendant's conduct is so extreme and outrageous as to go beyond all possible bounds of decency and be utterly intolerable in a civilized society, and whether Defendant's conduct and Plaintiff's resultant distress is so severe that no reasonable person could be expected to endure it remain genuine issues of material fact still in dispute between the parties. Therefore, summary judgment was not and is not appropriate in this case.

All other arguments are mere recapitulations of arguments previously made and already considered by the Court. Therefore, reconsideration is not warranted. *Yost v. Rutgers*, 2004 WL 1736986, at *1 (D.N.J. June 30, 2004); *Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration will be denied. An appropriate Order will follow.

**Dated:** June 2, 2017

ANNE E. THOMPSON, U.S.D.J.

3